FEDERAL SURETY COMPANY v. W. W. COOK, DISTRICT JUDGE.

No. 5451.   Decided February 19, 1930.
(24 S. W., 2d Series, 394.)

*Carrigan, Britain & King* and *Burgess, Burgess, Chrestman & Brundidge,* and *E. L. Elliott,* for relator.

That there is no authority in a district court to reopen a case once tried in said court and in which a judgment has become final, and to grant a retrial or new trial in said cause.

Though a district court has authority to reopen a judgment in a procedure such as the respondent is now undertaking, the grounds for such procedure must involve an entirely new matter, not passed upon by the court or jury in the former trial or proceeding, and where a case is tried to a jury on the issue *vel non* of total and permanent disability, there can be no change of condition and no mistake such as would warrant the reopening of such a judgment, and the district court, in such circumstances, has no discretion to force a party to a trial on the identical issues tried out and determined by a former judgment in the same cause. Petroleum Casualty Co. v. Seale, 4 S. W., (2d) 90; Employers' Liability Assurance Corp. v. Watson, 28 Fed. (2d) 1010; Jones v. Casualty Reciprocal Exchange, 275 S. W., 279; Texas Employers' Ins. Ass'n. v. Schilling, (Tex. Comm. App.), 289 S. W., 996.

*Grindstaff, Zellers & Hutcheson,* for respondents, cited: United States Fidelity & Guaranty Co. v. Davis, 212 S. W., 339; Texas Employers' Insurance Ass'n v. Mullican, 261 S. W., p. 215; Western Indemnity Co. v. Corder, 249 S. W., 316; Petroleum Casualty Co. v. Seale, 4 S. W., (2d) 90.

We take it as a well settled law in this state that when a case tried before the Industrial Accident Board, and then appealed to the Dis-

trict Court of the county where the injury occurred, the court has the same power and authority in the administration of the law, as the Board originally had.

Section 12D of Article 8306, of the Workmen's Compensation Law.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an original proceeding in the Supreme Court for mandamus, instituted by the relator, Federal Surety Company, against Honorable W. W. Cook, Judge of the district court for the 78th district. T. A. Bond and others are made co-respondents in the proceeding.

The facts are undisputed. They are substantially as follows:

In July, 1928, there was duly pending in the 78th district court a certain suit styled Federal Surety Company v. T. A. Bond et al. Said suit had been seasonably and regularly brought by the relator herein, to set aside a final decision of the Industrial Accident Board, awarding compensation to T. A. Bond, as prescribed in the Workmen's Compensation Law, for the alleged total and permanent incapacity for work, which resulted to Bond from injuries accidentally sustained by him, in the course of his employment on October 4, 1927. Among the facts duly put in issue in said suit, by the pleadings of the parties, were the fact of Bond's total incapacity for work, as a result of his said injuries, the permanency of such total incapacity, and the amount of compensation due. On July 24, 1928, said suit was regularly tried in said court, before a jury. In answer to special issues submitted to them, the jury expressly found, among other things, that Bond had, on October 4, 1927, accidentally sustained personal injuries, in the course of his employment, as alleged by him; that said injuries totally incapacitated him for work, for the period of sixty five weeks from the date of the accident; that such total incapacity was not permanent. The court thereupon, on July 24, 1928, duly rendered and entered judgment in favor of Bond, against the relator herein, for sixty five weeks compensation, at the rate of $15.23 per week, from the date of the accident. The form of said judgment is in all respects that of a final judgment, disposing of all parties and issues, except that portion of the judgment which reads as follows:

"It is further ordered, adjudged and decreed by the court that the court will have continuing jurisdiction of this case, and that

upon the application of the defendant herein, showing a change of condition, mistake or fraud, the court at any time within the compensation period may review this judgment, ending, diminishing or increasing compensation awarded herein, within the maximum and minimum provided by the Workmen's Compensation Act of the State of Texas, or may change or revoke this order and judgment; it is further ordered, adjudged and decreed by this court that this judgment grants to both plaintiff and defendant the privileges and rights conferred by Article 8306, Section 12d, of Vernon's Annotated Civil Statutes, 1925."

No appeal was prosecuted from this judgment, and said judgment has been fully satisfied by payment in accordance with its requirements. On February 7, 1929, after the term of court at which said judgment was rendered had expired, and after said judgment had been fully paid by the relator, the said T. A. Bond filed in said suit a document which he denominates his "First Petition for Review," wherein the following matters are alleged in circumstantial detail:—The said accident of October 4, 1927; the injuries sustained by Bond in such accident; the resulting total incapacity for work; the permanency of such incapacity; the trial of said suit and the rendition and entry of said judgment of July 24, 1928 therein. It is further alleged in the "Petition for Review" that, since the rendition of said judgment, conditions have changed, in that Bond's said injuries have grown worse and become greatly aggravated, thereby rendering him totally and permanently incapacitated for work; that the jury, at said trial, committed a mistake in finding that Bond's total incapacity for work, as a result of said injuries, was not permanent; that the court had committed a mistake in rendering judgment for compensation for only sixty five weeks of total incapacity. In said "Petition for Review" it is prayed that upon hearing thereof, Bond be awarded compensation for the period of 401 weeks at the rate of $15.58 per week, less amounts heretofore paid, and "that the judgment heretofore entered in this cause be modified and changed in accordance with the facts developed upon this trial," etc.

The relator appeared and pleaded the judgment of July 24, 1928, in abatement of the proceeding on said "Petition for Review." This plea in abatement was overruled. Thereupon, Judge Cook set down the "Petition for Review" for a hearing on the merits, and he purposes to retry said suit of Federal Surety Company v. T. A. Bond, et al. on said "Petition for Review." The writ of

mandamus is sought herein by the relator to compel Judge Cook to give to the judgment, rendered in said cause on July 28, 1928, the force and effect of a final judgment, and to proceed no further in said cause so long as said judgment remains unreversed.

As has been indicated in the foregoing statement of the case, the "Petition for Review" does not purport to be a petition in an independent action to vacate the judgment of July 24, 1928, on grounds which are cognizable in a court of equity jurisdiction; nor do the fact averments thereof give it this character. It shows upon its face that a revision of said judgment, on account of errors, is sought. In legal effect, it is nothing more than a motion for new trial, filed after the expiration of the term of court at which the judgment sought to be revised was entered. Authority for the 78th district court to revise such judgment at this time must be found in the statutes, else that court has no such authority. For said court has no inherent authority in this respect, and is powerless, if statutory sanction be wanting, to reserve to itself this revisory authority. We have found no statute which authorizes a retrial of the case or the revision of the judgment as is proposed to be done. Section 12d of Article 1806 of the Workmen's Compensation Law provides:

"Upon its own motion, or upon the application of any person interested showing a change of conditions, mistake or fraud, the board, at any time within the compensation period, may review any award or order, ending, diminishing, or increasing compensation previously awarded," etc.

This statute does not purport to deal with the subject of revisory authority of the court over the judgment entered in a suit brought to set aside a decision of the Industrial Accident Board. Nor do the provisions of Section 5 of Article 8307, which provide that such a suit shall be tried *de novo,* and that the rights and liability of the parties to the suit "shall be determined by the provisions of this law," purport to invest the court with the same authority over the judgment in the suit that is conferred by the first mentioned statute, on the Industrial Accident Board, in respect to decisions of the Board. We have no doubt that it was intended that the power of the court over its judgments in such cases should be the same, and subject to the same limitations, as in other cases.

As between the parties to the suit in which the judgment of July 24, 1928 was rendered, such judgment is conclusive of the facts as to the degree and duration of incapacity resulting to Bond from

personal injuries sustained by him in the casualty in question, and as to the amount of compensation due, as well as of all other facts in issue in that suit. This judgment has become final and still stands unreversed. The trial court has lost all power to grant a new trial or to revise or modify such judgment. The relator is entitled to the mandamus sought. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 353; Pierce v. Watkins, 114 Texas, 153.

We recommend that mandamus do issue commanding the respondent Honorable W. W. Cook, Judge of the 78th district court, to give to the judgment which was entered on July 24, 1928, in Cause No. 21159-C, styled Federal Surety Company v. T. A. Bond et al., the force and effect of a final judgment in said cause, and to proceed no further in said cause so long as said judgment remains unreversed.

The opinion of the Commission of Appeals is adopted, and the mandamus awarded.

*C. M. Cureton,* Chief Justice.