## MARYLAND CASUALTY CO. v. HALEY.

### No. 7449.

Court of Civil Appeals of Texas. Austin.

May 14, 1930.

Rehearing Denied June 4, 1930.

Sutton & Montague, of San Angelo, and Brian Montague, of Del Rio, for appellant.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellee.

BLAIR, J.

This suit originated as an appeal by appellee from an award of the Industrial Accident Board of $10.82 per week for 145 weeks, as compensation for injuries received by appellee while in the employ of W. S. Thompson & Co., who was insured by appellant under the terms of the Workmen's Compensation Act, appellee alleging that the injuries rendered him totally and permanently disabled for work; that he was earning a daily wage of $6 when injured, and he prayed for a lump sum settlement. The jury found that appellee was totally incapacitated for work for 300 weeks, and that the average daily wage paid a person in that community for similar work to that of appellee was $5 per day; and judgment was accordingly rendered for appellee for $1,025.07, as accrued compensation for 66 weeks, and for $17.31 per week for 234 weeks, the remainder of the 300 weeks of total disability, and a lump sum settlement

was denied; hence this appeal by the insurance company.

In his original petition appellee alleged, in substance, that while oiling and greasing a Fordson tractor used by his employer to operate a water pump, his left hand was caught in a cog of the main shaft of the pump and ground and crushed, his thumb being torn out, tearing and taking with it the tendons and leaders of his arm to the elbow; his forefinger being ground off at the first joint, and two of his wrist bones being broken and the flesh torn from his forearm, and that as a direct and proximate result of these injuries appellee alleged as follows: "That he has become and is very nervous and has lost greatly in weight; that the nerves of his left hand and arm were bruised, cut, severed and broken."

By his amended petition, appellee alleged as follows: "That he has become and is very nervous and has lost greatly in weight; that the nerves in said left hand and arm were bruised, cut, severed and broken; that plaintiff has a constant headache, that his hearing and eyesight has been impaired and that he is unable to concentrate on anything and that he has been informed by competent physicians, and he so believes that he is totally and permanently disabled from performing his usual occupation."

We find that appellee's evidence substantially proved his injuries as alleged.

Appellant contends that the court erred fundamentally, and also in not sustaining its plea to the jurisdiction; its plea in abatement; its special exception to the pleadings; and its objection to the introduction of testimony with respect to the injuries alleged in appellee's amended petition, "that plaintiff has a constant headache; that his hearing and eyesight has been impaired; and that he is unable to concentrate on anything," because these constituted new and additional injuries of which no notice was given to it within thirty days, nor to the Industrial Accident Board as required by law. These injuries were alleged to be the direct and proximate result of the original accident and injuries, and the pleadings were only an enlargement or amplification of the original pleadings with respect to the extent of the injury received. They grew out of and were incident to the original accident or injury, and constituted injuries received by appellee in the course of employment.

■■ It is settled law that the scope of inquiry in a suit to set aside the award of the Industrial Accident Board is to establish the injury or injuries complained of which may consist of the original injury and such other injury or injuries as may result directly and proximately from the original accident and

injury. The trial is de novo. The following authorities define in one way or another the scope of inquiry in a suit to set aside an award of the Industrial Accident Board and by analogy sustain our above conclusions. Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803; New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 283 S. W. 261; Employers' Cas. Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833; Tex. Employers Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Ætna Life Ins. Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446; Stowell v. Tex. Employers' Ins. Ass'n (Tex. Civ. App.) 259 S. W. 311; Tex. Employers Ins. Ass'n v. Mints (Tex. Civ. App.) 10 S.W. (2d) 220; Tex. Employers' Ins. Ass'n v. Jim- enez (Tex. Civ. App.) 267 S. W. 752.

■ The evidence is undisputed that the new or additional injuries complained of by appellant did not appear or develop until more than thirty days after the original accident or injury, and the effect of the original injury to appellee's hand upon his nervous system, his vision, his hearing, and mind, was not known until more than thirty days after the original accident and injury, and of these he could not have given notice within thirty days. So to preclude him from alleging and recovering for these injuries, which arose and resulted directly and approximately from but more than thirty days after the original injury, would simply deny appellee to recover for such injuries in any event, because the statute requires the notice to be given within thirty days after the injury, which in this case was the day appellee's hand was crushed in the cog of the pump. Manifestly the statute was not intended to be construed as contended for by appellant. Nor are the cases cited by appellant in point. They are cases in which no notice of any character was given the insurance companies, or where no claim was ever submitted to the Industrial Accident Board. Here it is agreed that notice of the claim for the original injury to appellee's hand was given to appellant and presented to the Board and an award made. It is only with respect to the injuries which were alleged to have resulted from the original injury that appellant contends that the court had no jurisdiction to determine, and as to this we do not sustain the contention of appellant.

By several propositions appellant complains that the finding of the jury that appellee was totally disabled for work for 300 weeks, and the judgment based thereon are not supported by any legal evidence. The contention is not sustained. The evidence in this respect follows substantially the allegations of appellee's petition as to the nature and extent of his injuries.

■ Nor do we sustain the contention that the evidence at most showed appellee to have only suffered the loss of a part of his hand, and therefore "a permanent incapacity, but only a partial one," and which must be dealt with as a "specific" injury under section 12 of article 8306, Rev. St. 1925. Appellee both alleged and proved a shock to his nervous system as a result of the injury to his hand, which so affected his vision, hearing, and entire nervous system as to totally incapacitate him for work. His was an injury that affected his entire body, rendering him incapacitated from performing the usual tasks of a workman, and the injury or injuries do not fall within the classification specified in the statute, supra. Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364, 365; Oilmen's Reciprocal Ass'n v. Harris (Tex. Civ. App.) 293 S. W. 580; Lumbermen's Reciprocal Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 265.

■ Appellant also complains because the court permitted appellee, in establishing his total inability to now work, to prove that he was not able to do the work he was doing before his injuries, it being contended by appellant that "total incapacity," as that term is used, means "that one must be injured to such an extent as to be unable to perform the usual tasks of a workman so that he cannot procure and retain employment." This last quotation was substantially the court's charge to the jury in connection with this issue. The evidence showed that appellee had never performed any class of work other than that of a laborer. The testimony further showed that because of his injuries appellee was unable to perform not only the kind of labor he was doing when injured, but any kind of labor, and that he was unable to procure and retain employment as a workman, and the evidence complained of simply furnishes a part of the proof, that appellee was "totally incapacitated" for work. Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957; Lumbermen's Reciprocal Ass'n v. Anders, supra; Petroleum Casualty Co. v. Seale, supra.

■ It was not error for a witness, who had been appellee's football coach some six months prior to his injury, to testify to the then mental and physical condition of appellee and to his mental and physical condition after the injury, so as to show the extent of his injury, other witnesses having testified that his good mental and physical condition continued up until he received his injury. Pecos & N. T. Ry. Co. v. Coffman (Tex. Civ. App.) 160 S. W. 145; Sullivan v. Fant (Tex. Civ. App.) 160 S. W. 612.

■ It is contended that appellee did not allege the length of time during which he had been engaged when injured, so as to entitle him to prove the daily wage of persons similarly employed in that neighborhood for the year immediately preceding his injury. This

is not sustained because appellee alleged that he was employed on about April 3, 1928, and injured on April 5, 1928. Lumbermen's Reciprocal Ass'n v. Warner (Tex. Com. App.) 245 S. W. 664; Southern Surety Co. v. Shoemake (Tex. Civ. App.) 16 S.W.(2d) 950, 951; American Employers' Ins. Co. v. Singleton (Tex. Civ. App.) 14 S.W.(2d) 939.

While the judgment should have incorporated provision for retention of jurisdiction to review or modify on change of condition of appellee, or mistake or fraud, as required by the Workmen's Compensation Act, still such procedure is not imperative because the court would have such authority anyway. Petroleum Casualty Co. v. Seale (Tex. Civ. App.) 4 S.W.(2d) 90.

Appellant's remaining propositions not discussed are overruled as being without merit, and the judgment of the trial court is affirmed.

Affirmed.