**GLOBE INDEMNITY CO. v. McCLURG.**
No. 2072.

Court of Civil Appeals of Texas. Beaumont.
April 8, 1931.

Rehearing Granted April 22, 1931.

Baker, Botts, Andrews & Wharton, of Houston, for appellant.

F. G. Vaughn, of Beaumont, for appellee.

WALKER, J.

This suit originated as an appeal under the Workmen's Compensation Act by appellee against an adverse award of the Industrial Accident Board, wherein he was claimant and appellant was insurer. Appellee alleged that he was injured on October 6, 1929, while in the course of his employment with Republic Production Company, and that appellant was the insurer, and that as a result of his injury he was totally and permanently disabled. His prayer was for compensation for 401 weeks at $18.75 per week and for a lump sum settlement. Appellant answered only by general and special demurrers and general denial.

Answering question No. 1, the jury found that appellee suffered total incapacity as the result of his injury, and by question No. 2 that the total incapacity was permanent and by special issue requested by appellee that he was not entitled to a lump sum settlement. On the verdict judgment was entered reciting that appellee was entitled to recover of and from appellant "the sum of $18.75 per week for a period of 401 weeks to commence on the 6th day of October, 1929, and to continue therefrom for a period of 401 weeks from said date, less 16 weeks compensation heretofore paid the plaintiff by the defendant." The decree was as follows: "It is therefore, ordered, adjudged and decreed by the court that the plaintiff herein do have and recover of and from the Globe Indemnity Company the sum of $18.75 per week, payable weekly, beginning on the 6th day of October, 1929, and continuing for each and every week thereafter, and during each and every week thereafter from said date."

By its first and second propositions appellant insists that the court erred in overruling its general demurrer to appellee's petition and in refusing to instruct a verdict in its favor on the ground that he failed to allege that it or his employer had notice of his injury within 30 days after the injury was received. These propositions are overruled. Appellee alleged that appellant paid "some compensation" and the proof was that appellant paid appellee 16 weeks' compensation, as recited by the judgment, and for which it was allowed credit. Appellee further alleged a liability against appellant for total permanent disability and prayed for judgment for total permanent disability for the statutory period of 401 weeks. We agree with appellant that without an allegation that it or the employer had notice of the injury within 30 days after the injury was received or without allegations of an excuse for the failure to give the notice, or without allegations of fact from which the conclusion could be drawn as a general intendment, the petition was subject to the general demurrer. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. However, though there was no affirmative allegation of 30 days' notice nor of an excuse for the failure to give the notice, it is our conclusion that the allegation that appellant paid "some compensation" made the petition good as

against the general demurrer. We say this because appellant could not have paid "some compensation" without notice of the injury, and from this allegation it is a reasonable intendment that appellant paid the compensation because it was liable therefor, and, since liability did not exist without 30 days' notice or an excuse for the failure to give the notice, a reasonable intendment arises from the allegations of the petition that the notice was given within 30 days. Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 776. On the issue of proof, this question was directly before this court in Texas Employers' Ins. Ass'n v. Varner, 20 S.W.(2d) 334, 336, where we said: "Appellant's fourth proposition complains that there was no proof by appellee of notice to his employer or the association of his injury within 30 days after receiving same, and that allegation and proof of such notice was essential to give jurisdiction to the court to hear and determine the matter. Article 8307, § 4a, provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless notice of the injury shall have been given to the association or the subscriber within 30 days after the happening of the injury. Appellee's petition alleges that he gave notice of his injury to his employer, Roy Jones, within 30 days after receiving his injury. He testified, and it is not disputed, that appellant paid him $37 as compensation. We think this sufficiently shows notice."

If proof that compensation was paid constitutes proof of notice within 30 days, it must be said that the allegation of the payment of "some compensation" would make the petition good as against a general demurrer.

By propositions 3 to 6, inclusive, complaint is made that the court erred in overruling the special exceptions urged against appellee's allegation of average weekly wage, that he failed to establish by competent proof an average weekly wage, and that error was committed in receiving certain evidence on this issue. Appellee pleaded his average weekly wage as follows: "Plaintiff represents unto the court that he has been employed by the Republic Production Company for a period of about three months, working seven days per week and earning the sum of $4.75 per day, which was the wage paid to other employees in the same kind of employment who had been in said engagement for a period of more than one year, and that his actual weekly wage was $31.25 per week. That his annual wage as defined by said Act was $1,-675.00 and that on account of his total disability he is entitled, under the provision of said Act, to sixty per cent. of said wage, or $18.75 per week for a period of 401 weeks from the date of said injury."

Under its special exception, appellant correctly contends that it was appellee's duty to plead his average weekly wage, first, under subsection 1 of section 1 of article 8309, R. S. 1925, if not able to plead a case under that section, then under subsection 2, and, if not able to plead a case under that section, then under subsection 3. American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26. The petition was subject to these exceptions, because appellee failed to allege a case under subsection 1 and pleaded no facts showing that he could not prove his average weekly wage under that section. Also, it should be said, without analyzing the proof, that he failed to prove a case under subsection 1, though it reasonably appears from the evidence as a whole that he could have made out his case under that section. Therefore we conclude that he has failed to plead and prove an average weekly wage of $18.75.

However, as stated above, appellee pleaded that appellant had paid him "some compensation." By general intendment this allegation is equivalent to an allegation of adjustment between appellee and appellant of his average weekly wage. Under this allegation the proof was that appellant paid him compensation for 16 weeks as found by the court in its judgment. Appellee testified: "They paid me every week in checks, $16.37." Though he failed to plead and prove an average weekly wage of $18.75, we think he has sufficiently pleaded and proved an average weekly wage of $16.37.

While the jury answered only the questions above summarized, a large number of other questions were submitted to them which they did not answer. Among these were questions Nos. 4 and 5, which were as follows:

"Special Issue No. 4. Will the plaintiff, A. T. McClurg, suffer any partial incapacity immediately following the expiration of the time, if any, you find him to be totally incapacitated.

"Special Issue No. 5. For what period of time will the plaintiff suffer such partial incapacity, if any, you have found to exist?"

By propositions 7 and 8 complaint is made that these questions were on the weight of the evidence and improperly influenced the jury in answering questions Nos. 1 and 2. These propositions are overruled. Questions Nos. 4 and 5 were not on the weight of the evidence.

Question No. 1 was submitted as follows: "Special Issue No. 1. Did the injury which the plaintiff A. T. McClurg received on October 6, 1929, if any, cause him to be totally incapacitated to labor for any period of time? Answer 'Yes' or 'No.' Answer: 'Yes.'"

By the ninth proposition complaint is made against the submission of the issue of "totally incapacitated to labor"; the proposition being that the use of the words "incapacity

to labor" "placed too heavy a burden on appellant and was incorrect in law," but that the issue should have been submitted "incapacitated to work." Appellee pleaded this issue as follows: "Plaintiff represents unto the court that previous to the time he received said injury that he was in good health and capable of doing and did do and perform manual labor and that by reason of said injury that he is now unable to perform manual labor and that said injury has destroyed his earning power and that all of said injuries are the direct and proximate result of said accident."

His proof fully sustained his allegations. One of his doctors testified that in his judgment appellee was totally incapacitated to perform "manual labor." The authorities cited by appellant sustain its proposition of a distinction between the terms "work" and "labor" and that they are not synonymous. The technical distinction between the meaning of these terms is only academic in this case because under the proof appellee was only a manual laborer. The issue was submitted as raised by his pleadings and sustained by his proof.

The court did not err in refusing to retain jurisdiction over this case so as to protect appellant in the event of a change in appellee's condition. Federal Surety Co. v. Cook (Tex. Com. App.) 24 S.W.(2d) 394, 396. In that case it was said that the trial court has no power "to reserve to itself this revisory authority." However, it should be said that, prior to the decision in that case, this court and several of the other Courts of Civil Appeals had announced the proposition now contended for by appellant.

By the eleventh and twelfth propositions appellant complains that the court erred in rendering judgment without giving it credit for the 16 weeks' compensation paid and by ordering that it pay compensation for each and every week after October 16, 1929, "without placing a limitation upon the number of such payments to 401 weeks." We do not think the judgment is subject to this construction. From the recitations made above from the judgment, it clearly appears that it was the intention of the trial court to give appellant credit for the 16 weeks' compensation paid and to limit the payments to 401 weeks. With that construction of the judgment, it is ordered that it be reformed, reducing appellee's average weekly wage from $18.75 to $16.37, and, as so reformed, affirmed.

Reformed and affirmed.

### On Rehearing.

We are in error in our original opinion in our conclusion that the allegation that appellant paid appellee "some compensation" was equivalent to a plea of adjustment of the average weekly wage between appellee and appellant. Appellee pleaded specifically the basis of his average weekly wage, which was subject to the special exception discussed in the original opinion. Though the omissions in this plea were thus called to appellee's attention, he declined to file an amendment, but relied upon this allegation as a basis for his cause of action, and introduced his evidence in support thereof, and was awarded judgment on the basis thereof. It is thereby made to appear affirmatively that the allegation that "some compensation" had been paid was not made by appellee to raise the issue of average weekly wage and not looked to by the trial court as a basis of his judgment.

On the facts stated Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 651, 653, directly supports the conclusion that the allegation of payment of "some compensation" did not raise the issue of average weekly wage. It was there said that the court was "not required to scan a petition for the purpose of selecting certain portions which present allegations of fact, made for the purpose of sustaining one proposition, and to say that by intendment it also presents another and different proposition."

From what has been said, it follows that appellant's motion for rehearing should be granted and the judgment of the lower court reversed and the cause remanded for a new trial, which is accordingly ordered.