## UNION INDEMNITY CO. v. DRAKE.

### No. 2131.

Court of Civil Appeals of Texas. Beaumont. Oct. 21, 1931.

Rehearing Denied Oct. 28, 1931.

King, Wood & Morrow, of Houston, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J.

This suit was brought by appellee, J. W. C. Drake, against the Union Indemnity Company, appellant, to set aside an award of the Industrial Accident Board awarding him compensation at the rate of $13.85 per week for a period of six weeks, contending that as an employee of B. F. Nelson, and while in the course of his employment, about March 29, 1930, he sustained an injury resulting in his total and permanent disability. His petition contained the usual and necessary allegations in actions of this kind.

The appellant insurance company answered by general demurrer and general denial.

The case was tried to a jury upon special issues, on their answers to which, judgment was rendered for appellee for compensation at the rate of $13.85 per week for 200 weeks as for total incapacity. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant's first two propositions assert that there was no competent proof that appellee gave the board the notice required by law that he would not abide the board's award, and would, within the time required by law, file suit to set same aside, and hence the court was without jurisdiction to hear and determine the matter.

■ The award of the board sought to be set aside was made on August 19, 1930. The attorneys for appellee, by registered mail, gave notice to the board on August 26, 1930, that appellee would not abide the award and would within the time required by law file suit in some court of competent jurisdiction to set said award aside and to recover compensation under the terms of the Workmen's Compensation Law of Texas. The proof of the above was by a certified copy of the notice served by appellee on the board. The indorsement on same shows it was received by the board and filed on August 29, 1930. Objection to the admission of this copy was made by appellant on the ground that same was hearsay, which was overruled by the court, and this action of the court is the basis of this contention. The proof was competent. Article 8307, § 8, R. S. 1925, provides: "Any order, award or proceeding of said board when duly attested and sealed by the board or its secretary shall be admissible as evidence of the act of said board in any court in this State."

As the party appealing from an award of the board is required by law to give notice of his unwillingness to abide the award, and as the law prescribes that such notice be filed "with said Board" (Acts 1931, 42nd Leg., c. 208, § 1 [Vernon's Ann. Civ. St. art. 8307a]) it is thus made the duty of the board to indorse upon the said notice the date of its reception and filing, and a copy of said notice duly certified by the secretary of the board is full and competent proof of the fact of notice of appeal. American Employers' Ins. Co. v. Thompson (Tex. Civ. App.) 11 S.W.(2d) 358; Texas Employers' Ins. Ass'n v. Perry (Tex. Civ. App.) 35 S.W.(2d) 1087 (writ refused).

■ The third and fourth propositions are overruled. Testimony that appellee's injury would, in all probability, be permanent unless a bone expert performed an operation, which, though doubtful, might correct the injured condition of appellee, and that such operation would cost probably a thousand dollars, was admissible as going to show the seriousness and extent of the injury, and its probable duration. It was testified by two reputable physicians that in their opinion appellee's injury would be permanent unless it was remedied by an operation performed by a skilled orthopedic surgeon, one that specializes in bone surgery, and that it was very doubtful if such an operation would effect a cure. They further testified that such an operation was very costly, and would in all probability cost a thousand dollars. Appellee testified: "I am twenty-six years old. I have no means or money. I made my living from that kind of work until I got injured. I haven't done anything since."

The record amply shows that appellee's condition was such that without an operation his disability would be permanent, and that he was not able to procure such an eminent specialist to perform the operation that might result in preventing the disability from continuing permanently. As before said, this evidence was admissible as going to show the seriousness and extent of the injury and its probable duration. Brotherhood of Locomotive Firemen & Enginemen v. Aday, 97 Ark.

425, 134 S. W. 928, 34 L. R. A. (N. S.) 126; Stone v. Day, 69 Tex. 13, 18, 5 S. W. 642, 5 Am. St. Rep. 17. However, if the evidence as to what an operation would have cost was improper, which we do not believe, the evidence showing the necessity of an operation as the only thing that would remedy appellee's injury, if it would, being admissible as going to show the seriousness and extent of the injury and its probable duration, and the evidence further showing that appellee was not financially able to procure such operation, if appellant thought the proof of what such operation would cost would be hurtful to its rights it should have requested an instruction by the court to the jury limiting the consideration of such evidence to the extent and probable duration of appellee's disability, which it did not do. 3 Tex. Jur. § 129, p. 192.

The fifth and sixth propositions (presented together) show no error. The examination of appellee's injury before the jury was proper, 22 C. J. § 898, p. 788, and we do not think the matters complained of in that connection did, or were calculated to have any prejudicial effect on appellant's rights. The further complaint that "the action of the attorney for the plaintiff when closing his argument to the jury, and after starting to read from a letter which had not been introduced in evidence, and after the court had sustained defendant's objection to his reading therefrom, in stating to the jury 'I won't read the letter, but I can state the substance of it from memory and from the testimony of the doctor, if he wants to be technical and not permit me to read from the letter,' constituted and was error prejudicial to the rights of the defendant in that it was calculated to lead the jury to believe that defendant's attorneys were relying upon technicalities in this case, and were intending to conceal from the jury relevant facts," is without force. The original letter had been read to the jury by a witness of defendant, Dr. Mills. Appellant's bill of exception so states. The contents of the letter was before the jury. There is no contention that the copy from which plaintiff's attorney was attempting to read was not a true copy, but the objection was that the copy had not been introduced in evidence. The physical copy had not, but the original had, and therefore the substance of the copy was in evidence and was subject to discussion by the attorney. In any event, appellant's bill of exception by the court's qualification shows that appellee's counsel in his closing remarks to the jury again referred to the letter, and at that time counsel for appellant withdrew his objections, and so the error complained of, if any, was waived by appellant.

Appellant's seventh proposition is: "The trial court in this case had no authority to retain jurisdiction over this cause for the purpose of reopening the case upon a showing that the disability of the claimant

had increased or diminished since the trial of the cause."

In the judgment entered by the trial court, it is provided: "In connection with the above judgment for the weekly installments which have not as yet accrued, it is decreed that same are conditioned upon the continued total incapacity of the said J. W. C. Drake, in that same shall only be payable so long as such liability shall exist, and in this connection the trial court will hold this case on its docket for the purpose of administering the same in accordance with the findings of the jury and in accordance with the Workmen's Compensation Law, with authority to reopen this case upon the petition of either party upon a showing that the disability of said J. W. C. Drake has increased or diminished since the trial of this cause by said jury."

It is urged by appellant that the inclusion of the above provision in the judgment was such error as to require that the judgment be reversed and the cause remanded for a new trial.

Appellee insists that the judgment is correct, and cites several authorities so holding.

Several of the appellate courts have held that in compensation cases, such as the instant case, it was proper for and was the duty of the trial court to enter judgment such as here complained of. Texas Employers' Ins. Ass'n v. Mullican (Beaumont), 261 S. W. 215 (writ refused); Petroleum Casualty Co. v. Seale (Galveston) 4 S.W.(2d) 90; Maryland Casualty Co. v. Haley (Austin) 29 S.W.(2d) 458, 461 (writ refused). Of the cited cases, writs of error were refused by the Supreme Court in the first and last. The second was reversed, but not on the point in question. But in the case of Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394, the Supreme Court, speaking through the Commission of Appeals, held that the district court was without authority to enter any such judgment, and awarded a writ of mandamus to the district judge trying said cause, and who had incorporated in the judgment the provision here in question, requiring him to give the force and effect of a final judgment to the judgment in said cause. This was a holding by the Supreme Court that the provision of the judgment here in question was of no force and void. This holding in the Cook Case was of date February 19, 1930, the motion for rehearing in the Haley Case, supra, involving the same question was overruled by the Austin Court of Civil Appeals on June 4, 1930, and later the Supreme Court refused writ of error. This was some months after the opinion in the Cook Case. In concluding his opinion in the Haley Case, Judge Blair says: "While the judgment should have incorporated provision for retention of jurisdiction to review or modify on change of condition of appellee, or mistake or fraud, as required by the Workmen's Compensation Act, still such procedure is not

imperative because the court would have such authority anyway," citing the Seale Case. As heretofore said, Judge Blair's opinion in the Haley Case was handed down after the decision of the Commission of Appeals in the Cook Case, and still later the Supreme Court refused the application for writ of error in the Haley Case. But as the question was before the Supreme Court directly for the first time in the Cook Case, and because of the confusion of the holdings on the question, we feel that we should follow the holding in the Cook Case, and therefore hold that in the instant case the court was without authority to incorporate the contested provision in the judgment, and hence said provision was and is void and of no force. See United States Fidelity & Guaranty Co. v. Brandon (Tex. Civ. App.) 31 S.W.(2d) 846; Globe Indemnity Co. v. McClurg (Tex. Civ. App.) 38 S.W.(2d) 125. This, however, does not constitute reversible error, for, the said provision being void, it is the same as if it had never been incorporated in the judgment, and will be eliminated by reforming the judgment.

Appellant's eighth and last proposition complains that the compensation awarded by the jury is so against the great weight and preponderance of the evidence as to be manifestly wrong, and requires a reversal of the judgment. From a careful consideration of all the evidence adduced in the trial, we think the verdict has ample support in the record.

The judgment of the trial court will be here reformed by eliminating and omitting therefrom the provision retaining jurisdiction to reopen the cause, and, as reformed, is affirmed.