## LINDSEY v. PANHANDLE CONST. CO. et al.
### No. 3719.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1932.

Rehearing Denied Feb. 17, 1932.

Levens, McWhorter & Howard, of Lubbock, for appellant.

Robert A. Sowder and Benjamin Kucera, both of Lubbock, for appellees.

HALL, C. J.

The appellee construction company sued Mrs. Lindsey seeking to recover against her individually and as administratrix of the estate of W. W. Lindsey, deceased. Mrs. M. J. Ricketts and her husband, J. F. Ricketts, and the Wichita Falls Building & Loan Association were made parties defendant.

The substance of plaintiff's allegations is that it was the owner of a paving lien on lot No. 1 in block 86 of Overton's addition to the city of Lubbock, executed by W. W. Lindsey, now deceased, and his wife, Laura Lee Lindsey, the amount of said lien being $285.-05; that after the execution of said lien Lindsey and wife conveyed the property to Mrs. M. J. Ricketts by a deed warranting the title as against the lien of the Panhandle Construction Company. In exchange for said property Ricketts and wife, upon request of W. W. Lindsey, conveyed block 82 of the Markowitz subdivision of block 79 of the Roberts-McWhorter addition to the city of Lubbock to Mrs. Laura Lee Lindsey, as her separate property. That thereafter, about February 1, 1931, Mrs. Lindsey conveyed said property to J. A. Rix. That in exchange the said Rix conveyed to Mrs. Lindsey lot 23, block 57, of the Overton addition to the city of Lubbock. That thereby the said property last described became impressed with a trust and lien in favor of the plaintiff construction company; and it prayed for the foreclosure of its paving lien against said lot 23, block 57, for the amount due and $150 additional as attorney's fees.

It is alleged that W. W. Lindsey died December 21, 1930; that Laura Lee Lindsey duly qualified as administratrix; that the various transfers set out operated to the benefit of her separate estate; that if they did not do so, then that W. W. Lindsey had represented to Ricketts and wife that there was no lien upon said lot 1, block 86, except a balance of $7,000 due a loan association. That the Lindseys executed and delivered their warranty deed to the Ricketts, and the latter believed the representations and relied thereon, but were deceived thereby and that they are entitled to recover of Mrs. Lindsey the amount of the indebtedness sued on by plaintiff, and that plaintiff is entitled to be subrogated to the right of recovery against Mrs. Lindsey to the extent that said Ricketts and wife should recover.

The prayer is for the establishment of the lien against lot 23, block 57, in the Overton addition, now held by Mrs. Lindsey as her separate property and homestead and that the lien be foreclosed.

Ricketts and wife answered by general demurrer and general denial and by cross-action against Mrs. Lindsey and the estate of W. W. Lindsey, deceased, alleged that Mrs. Lindsey and her husband had, in consideration of $16,000, conveyed to M. J. Ricketts lot 1 in block 86 of the Overton addition, and had warranted the title thereto as against all claims not named in the deed; that the claim of the Panhandle Construction Company was not mentioned therein; and that the plaintiff's paving lien was an incumbrance upon the land. That Lindsey and wife had not warranted and defended the title, and they prayed that in the event plaintiff should recover against them, that they be entitled to recover against Mrs. Lindsey their damages occasioned by the breach of the covenant of title, and that they have a lien decreed upon lot 23 in block 57 in the Overton addition.

The Wichita Falls Building & Loan Association was dismissed from the suit.

Mrs. Lindsey answered by plea in abatement, alleging that she was the surviving wife of W. W. Lindsey; that he died December 21, 1930; that she was his wife for a number of years prior to the date of the transactions set out in plaintiff's petition; that upon his death she was appointed administratrix; that the administration had not been closed; that the obligations, if valid, are the obligations of W. W. Lindsey, deceased, and in no wise binding upon her. She pleaded her coverture and prayed that both plaintiff's action and the cross-action of the Ricketts be abated.

On June 11, 1931, the court entered two orders which recite that Mrs. Lindsey's pleas in abatement of the action and of the Ricketts' cross-action against her came on to be heard before announcement of ready for trial on the merits, and that after having heard the pleas and the evidence and argument of counsel, it was the opinion of the court that they should be sustained. Each order then decreed that the plaintiff's cause of action

and cross-action "against the defendant Laura Lee Lindsey and the estate of W. W. Lindsey, deceased, be and the same is hereby in all things dismissed."

The case then proceeded to trial, and on June 12, 1931, a third judgment was entered reciting that all parties, appeared in person and by counsel and announced ready for trial, "and the plea in abatement of Laura Lee Lindsey, administratrix, to the plaintiff's cause of action against said estate is sustained, as well as the special exception that no recovery could be had personally against the defendant Laura Lee Lindsey." The judgment shows that the court directed the jury to return the following verdict: "We the jury find for the defendants Ricketts that they are entitled to recover of and out of Lot 23, Block 57, Overton Addition to the City of Lubbock, the amount of principal and interest of the plaintiff's paving lien of $285.05 and 7% interest from Nov. 29, 1929, plus attorneys fees of $150.00 and that plaintiff is entitled to be subrogated to such judgment in favor of the Ricketts and for foreclosure by the plaintiff on Lot 1, Block 86, Overton Addition to Lubbock."

The judgment further forecloses the lien claimed by Ricketts and wife against Mrs. Lindsey's lot No. 23, block No. 57, to the extent of the amount which plaintiff has recovered against the Ricketts and for which the lien was foreclosed against their lot No. 1. It is further decreed that Mrs. Lindsey's lot 23 in block 57 be sold and the proceeds applied to the payment of the judgment of plaintiff and of the defendants Ricketts.

A supplemental transcript has been filed which shows that at the November term, 1931, of the district court, the Panhandle, Construction Company filed what is denominated "Motion to Amend Judgment," which recites that at the May, 1931, term of the court the cause was tried, a verdict returned, and judgment entered. That such judgment is "erroneous and not clear in this particular: In that such judgment recites 'and the plea in abatement of Laura Lee Lindsey, Administratrix, to plaintiff's cause of action against said estate is sustained as well as a special exception that no recovery could be had personally against the defendant Laura Lee Lindsey' when in truth and in fact the plea in abatement of the estate of Laura Lee Lindsey was sustained by the Court, but that the clause that no recovery could be had personally against the defendant Laura Lee Lindsey is not clear and is subject to misconstruction in that it was the order of the Court that no personal judgment for money be had against the said Laura Lee Lindsey, but that the Panhandle Construction Co. had a right to prosecute its suit to judgment and that such judgment will be a special lien upon Lot 23 in Block 57 Overton Addition to the City of Lubbock." The plaintiff prays for notice

and that the judgment be corrected so as to show that the ruling of the court was that no recovery be permitted against the said Laura Lee Lindsey save and except the same could be made out of lot 23 in block 57.

The attorney representing Ricketts and wife appeared at the hearing and verbally adopted the motion filed by plaintiff asking for a correction of the judgment. They were permitted after the hearing to adopt the motion as their own by a written pleading to that effect.

The record further shows that on November 25, 1931, the court entered another judgment which it appears differs from the judgment of June 12, 1931, in the following particulars: The judgment of June 12th, in addition to sustaining the plea in abatement urged by Mrs. Lindsey as administratrix against the plaintiff's cause of action, also recites that the court sustains "the special exception that no recovery could be had personally against the defendant Laura Lee Lindsey. All other exceptions are overruled and the various parties excepted." While the judgment of November 25th also recites that the plea in abatement filed by Mrs. Lindsey, as administratrix is sustained, we find, instead of the language above quoted from the judgment of June 12th, the following: "In so far as plaintiff might seek a money judgment against the said Laura Lee Lindsey by its pleadings, the same is denied, but that plaintiff may, if the evidence warrants, be permitted to satisfy its judgment out of Lot 23 in Block 57, Overton Addition in the City of Lubbock, Lubbock County, Texas, property of the defendant Laura Lee Lindsey, together with costs of the court."

Both judgments further decree that process shall be issued requiring the proper officer to first sell lot 23 in block 57 and apply the proceeds to the satisfaction of the judgments in favor of plaintiff and the Ricketts.

R. S. art. 2211 provides that only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law. Colburn v. Ward (Tex. Civ. App.) 40 S.W.(2d) 878.

■ The issues presented by the pleas in abatement urged by Mrs. Lindsey against the plaintiff and against the Ricketts, respectively, were clearly and definitely disposed of by the two orders entered on June 11, 1931, sustaining the pleas and dismissing Mrs. Lindsey individually and the estate of her husband from the case. Neither the plaintiff nor the Ricketts excepted to the action of the court as declared in these interlocutory orders, and so far as this record shows, they have not been attacked, modified, or set aside. Having dismissed Mrs. Lindsey in her individual and fiduciary capacities from the case, the court had no right to subject lot 23, block 57, which was shown to be her

342

separate property, to the payment of any debt or to decree a foreclosure of the lien thereon by either judgment subsequently rendered.

■ The motion filed to correct the judgment of June 12th was not a proceeding in the nature of a bill of review. It set up no equitable grounds and was not verified. Warne v. Jackson (Tex. Civ. App.) 273 S. W. 315. It was simply a motion for a new trial, filed at a subsequent term of the court, and should not have been considered. It was an effort to have the court correct a judgment because of a mistake made in its rendition whereby the property of Mrs. Lindsey would have been subjected to the payment of the judgment after she had been dismissed from the action. The November judgment expressly recites that the plaintiff may, if the evidence warrants, be permitted to satisfy its judgment out of lot 23 in block 57. The record fails to show that any evidence was presented at the hearing of the motion which authorized the court to enter such an order, nor are we informed by the record that any evidence has ever been presented since its entry authorizing a sale to satisfy the judgment.

■ The two orders first above mentioned and the judgment of June 12th have been entered in violation of the statute. Article 2211, supra. When considered either collectively or separately, they adjudicate the rights of Mrs. Lindsey, and if there is error it is a judicial error which cannot be corrected upon a motion as has been attempted in this case and at a subsequent term of the court. The rule is settled that judicial errors cannot be corrected at a subsequent term of the court by motions filed under the statute. Montgomery v. Huff (Tex. Civ. App.) 11 S.W.(2d) 237; Pring v. Pratt (Tex. Civ. App.) 1 S.W.(2d) 441; Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394; Arrington v. McDaniel, 119 Tex. 148, 25 S.W.(2d) 295. Because the judgment or order of June 12th conflicts to some extent with the orders of June 11th sustaining the pleas in abatement and neither of the three orders disposes entirely of the rights of all the parties, the statute requiring one final judgment to be entered has been violated and fundamental error is presented.

■ Because the judgment of November 25th has been entered at a subsequent term of the court upon an unverified motion to correct the former judgment, and because the November judgment purports to correct a judicial error which cannot be done in such a proceeding, it follows that the November judgment is void.

■ The appeal before us is from the judgment rendered June 12th. No appeal has been prosecuted from the last judgment rendered November 25th. In its final analysis, the judgment of November 25th is an attempted entry nunc pro tunc of the judgment previously rendered on June 12th. Where the original judgment has been superseded by another judgment entered nunc pro tunc at a subsequent term of the court, the appeal must be from the last judgment, and this has not been done. Batson v. Bentley (Tex. Civ. App.) 297 S. W. 769; 3 Tex. Jur. 277, § 182.

For the reasons stated, the judgment is reversed, and the appeal is dismissed.

Reversed and dismissed.