## PATE v. SECURITY UNION INS. CO.
### No. 7813.

Court of Civil Appeals of Texas. Austin.
Nov. 9, 1932.

Howth, Adams & Hart and Elton Cruse, all of Beaumont, for appellant.

King, Wood & Morrow, of Houston, for appellee.

McCLENDON, C. J.

This appeal involves the sole question whether the unmatured installments of a judgment rendered against an insurance carrier in an appeal from an award of the Industrial Accident Board are provable claims against the estate of such insurance carrier in administration under receivership.

The controlling facts, which are undisputed, follow:

Pate recovered judgment against the insurance carrier, upon a special issue verdict trial, for compensation for 189 weeks total disability at $13.85 per week. The total period was 208 weeks, but 19 installments had theretofore been paid, and of the remaining installments 119 had not then matured. The judgment contained this recital: "In connection with the above judgment for the said one hundred nineteen (119) weekly installments which have not as yet accrued, it is decreed that same are conditioned upon the continued total disability of said W. A. Pate, in that same shall only be payable so long as such disability shall exist; and in this connection the trial court will hold this case on its docket for the purpose of administering the same in accordance with the findings of the jury and in accordance with the Workmen's Compensation Law, with authority to reopen this case upon the petition of the defendant upon a showing by the defendant that the disability of said W. A. Pate has diminished since the trial of this cause by said jury."

Thereafter, at the instance of the state, the assets of the insurance carrier were placed in receivership; in which proceeding Pate filed claim for all of the 189 installments, 79 of which were still unmatured. The trial court rendered judgment for $1,523.50, the amount of the matured installments, but denied recovery for those then unmatured, aggregating $1,094.15. From this judgment in so far as it denies recovery upon the unmatured installments, Pate has appealed.

The action of the court complained of was "for the reason * * * that * * * on account of the provisions contained in the judgment * * * was so contingent, indefinite and uncertain as to the continuing liability (disability) of the claimant, W. A. Pate, that he was not entitled to be allowed anything for disability in the future." The correctness of this holding is assailed by appellant.

There is nothing in the Employers' Liability Act (Rev. St. 1925, art. 8306 et seq., as amended) which expressly authorizes the above recital in the judgment establishing the award; but in United States F. & G. Co. v. Davis (Tex. Civ. App.) 212 S. W. 239, the Fort Worth Court held that by analogy the court had the same power given the Industrial Accident Board in section 12d of the act (R. S. art. 8306, § 12d). This holding was followed by the Beaumont Court in United States F. & G. Co. v. Parker (Tex. Civ. App.) 217 S. W. 195; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316, and Texas Employers' Ins. Ass'n v. Mullican (Tex. Civ. App.) 261 S. W. 215, in none of which was writ of error applied for; and by the Galveston Court in Petroleum Casualty Co. v. Seale (Tex. Civ. App.) 4 S.W.(2d) 90, which was reversed upon other grounds (Com. App.) 13 S. W.(2d) 364, the point here at issue not being alluded to in the opinion of the Commission of Appeals.

In Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394, 396 (an adopted opinion by the Commission of Appeals), it was held that: "This statute [article 8306, § 12d] does not purport to deal with the subject of revisory authority of the court over the judgment entered in a suit brought to set aside a decision of the Industrial Accident Board. Nor do the provisions of section 5 of article 8307, which provide that such a suit shall be tried de novo, and that the rights and liability of the parties to the suit 'shall be determined by the provisions of this law,' purport to invest the court with the same authority over the judgment in the suit that is conferred by the first-mentioned statute, on the Industrial Accident Board, in respect to decisions of the Board. We have no doubt that it was intended that the power of the court over its judgments in such cases should be the same, and subject to the same limitations, as in other cases."

The judgment involved in that case contained this recital: "It is further ordered, adjudged and decreed by the court that the court will have continuing jurisdiction of this case, and that upon the application of the defendant herein, showing a change of condition, mistake or fraud, the court at any time within the compensation period may review this judgment, ending, diminishing or increasing

compensation awarded herein, within the maximum and minimum provided by the Workmen's Compensation Act of the State of Texas, or may change or revoke this order and judgment; it is further ordered, adjudged and decreed by this court that this judgment grants to both plaintiff and defendant the privileges and rights conferred by Article 8306, Section 12d, of Vernon's Annotated Civil Statutes, 1925."

Later the plaintiff sought to reopen the judgment on the ground of mistake and to recover additional compensation. The opinion of the Commission was in an original mandamus proceeding to compel the district judge to give to the judgment "the force and effect of a final judgment, and to proceed no further in said cause so long as said judgment remains unreversed." The mandamus was awarded as prayed for, the court holding that "the trial court has lost all power to grant a new trial or to revise or modify such judgment," and that it could only be set aside or modified by an original proceeding in equity "on grounds which are cognizable in a court of equity jurisdiction."

Appellee contends that this decision is not controlling in the instant case, because the recital in the judgment at bar by express language makes the unmatured installments "conditioned upon the continued total disability of said W. A. Pate," which distinguishes it from the judgment in the Cook Case. The remaining portion of the above-quoted recital in the instant judgment clearly shows that the court intended to give to the judgment only the effect of the recital in the judgment in the Cook Case; in that it is expressly provided that modification of the judgment can only be had upon petition showing a subsequent change in Pate's physical condition.

But aside from this it is the clear holding of the Cook Case that the trial court had no power to attach such a condition to the judgment. The quoted recital should therefore be disregarded as surplusage.

Appellee further questions the authority of the Cook Case because the Supreme Court refused a writ of error in a subsequent case in this court, Maryland Casualty Co. v. Haley, 29 S.W.(2d) 458, 461, in which the earlier decisions of the courts of civil appeals above cited were followed. In the Haley Case we declined, at the instance of the insurance carrier, to modify the trial court's judgment so as to incorporate therein the recital of the Cook Case judgment, upon the holding of the Seale Case, above, that "the court would have such authority anyway." That opinion was handed down only a short time after that of the Cook Case, to which our attention was not then directed. But the refusal of the writ in the Haley Case was proper under the Cook Case holding, since we had declined to modify the judgment in the respect contended for, and only expressed our view as to the effect of the judgment independent of the sought recital. The Cook Case holding was later followed in Union Indemnity Co. v. Drake (Tex. Civ. App.) 42 S.W.(2d) 839 (error refused).

As above noted, the opinion in the Cook Case was adopted by the Supreme Court and is therefore regarded by that court as authority—an effect it does not give to opinions of the Commission where only the recommended judgment is adopted or the holding approved.

Other than as to the earnings during the receivership (see Kampmann v. Sullivan, 26 Tex. Civ. App. 308, 63 S. W. 173, error refused, construing R. S. art. 2299), our statutes contain no provisions regarding claims which are provable in receiverships; but they provide generally that the rules of equity shall govern such proceedings (article 2319). In a well-considered opinion by the Circuit Court of Appeals for the Second Circuit (Pennsylvania Steel Co. v. New York City Ry. Co., 198 F. 721, 739), the equity principles determinative of the provability of claim in a receivership are clearly stated. It is there held that there is no distinction between matured and unmatured claims provided the latter are certain and their present worth may be determined by "recognized methods of computation." It is only claims "which are so uncertain that their worth cannot be so ascertained" that are denied participation in the impounded funds.

Tested by these rules, the unmatured installments are clearly provable claims in the receivership, since their value at the time the receiver was appointed may be readily ascertained by recognized methods of computation.

The trial court's judgment, in so far as appealed from, is reversed, and the cause in that regard is remanded to the trial court to ascertain the provable value of the unmatured installments (see Vernon's Ann. Civ. St. art. 8306a) and to render judgment accordingly.

Reversed and remanded, with instructions.