James J. JORDAN, Appellant,

v.

**NEW AMSTERDAM CASUALTY COMPANY, Appellee.**

No. 14311.

Court of Civil Appeals of Texas.

Houston.

March 12, 1964.

Rehearings Denied April 16, 1964, May 28, 1964.

John H. Holloway, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Jerry V. Walker, Larry W. Starr, Houston, for appellee.

WERLEIN Justice.

This is an appeal from a summary judgment for appellee in a suit brought and prosecuted both as a bill of review to set aside a former judgment rendered in a workmen's compensation case and as an independent suit for change in appellant's physical condition.

Appellant sustained an accidental injury on September 12, 1957 allegedly consisting of a ruptured disc between the fourth and fifth lumbar vertebrae, and recovered a judgment in Cause No. 517,127 in the District Court of Harris County against appellee on July 25, 1960 for 55 weeks total incapacity at $35.00 per week and 75 weeks temporary partial incapacity at the rate of $29.07 per week, based on the jury verdict returned into court on October 21, 1959. Prior to the trial of said cause he had undergone an operation for such condition. After said judgment was entered and while appellant's motion for a new trial was pending, a second operation was performed on his back at the same location. This second operation was pleaded in said cause as newly discovered evidence in appellant's amended motion for new trial. The trial court denied the motion for a new trial and the case was appealed to the Court of Civil Appeals which reversed the trial court (353 S.W.2d 256). The Supreme Court, on June 20, 1962, reversed the Court of Civil Appeals and affirmed the trial court. See New Amsterdam Casualty Company v. Jordan, Tex., 359 S.W.2d 864.

Thereafter on September 20, 1962 appellant had to undergo a third operation, known as a spinal thalamic tractotomy (chordotomy), which involved the upper portion of the spine beginning at the base of the neck. This operation was at a totally different part of appellant's back. It was never pleaded or considered in any of the prior court proceedings. Appellant filed this suit on December 10, 1962, alleging that the judgment of July 25, 1960 was manifestly wrong, unjust and based upon false testimony of doctors at the trial to the effect that he did not need any further surgery. He also alleged that such judgment was due to fraud, accident, or mistake, without negligence on his part, and further that there had been a material change in his physical condition since the trial.

We have carefully examined appellant's pleading and have concluded that the court properly granted appellee's motion for summary judgment. Appellant has not pleaded nor shown by his exhibits attached to his pleading any ground entitling him to a bill of review and judgment setting aside the judgment of July 25, 1960. The fraud, accident or mistake which he relies upon are alleged to be the medical testimony given on the trial of the case to the effect that appellant would need no further surgery, which testimony appellant says was false and kept him and his attorney from knowing or showing his true physical condition which existed or which might develop in the future.

The testimony of the doctors consisted of expressions of opinion given at the trial of said Cause No. 517,127. If such doctors falsely testified to opinions they did not entertain, their testimony would constitute no more than intrinsic fraud. Appellee's witness, Dr. Price, when asked whether he had an opinion as to any indication that appellant needed any kind of an operation, testified: "He does not, he is far better than an operation could make him." Appellant's own witness, Dr. Emory Ray King, Jr., who performed the first operation on appellant, when asked whether he felt that Mr. Jordan might require any surgery in the future to help his present disability, testified: "I don't believe surgery would benefit him any, if I did, I would have recommended it quite a while ago."

█ The law is well established in this State that to entitle a litigant to set aside a final judgment upon a bill of review, he must prove a meritorious cause of action or defense, which he was prevented from presenting because of the fraud, accident or

wrongful act of the opposite party, unmixed with any fault or wrongful act on his part. Alexander v. Hagedorn, 1950, 148 Tex. 565, 226 S.W.2d 996; Garcia v. Ramos, Tex. Civ.App., 208 S.W.2d 111, writ ref. In Crouch v. McGaw, 1940, 134 Tex. 633, 138 S.W.2d 94, the court said:

"Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered."

■ In the present case appellant is relying upon alleged false testimony at the trial of Cause No. 517,127 as a ground for setting aside the final judgment rendered in such cause. He even asserts he was prevented by his own doctor's testimony from showing his true condition, thus overlooking the well-established requirement that the fraud or wrongful act be that of the adverse party. It is clear that appellant has failed to plead any facts or circumstances showing extrinsic fraud which prevented him from proving up his case. Appellant's injuries and physical condition were in issue in the trial of said cause.

Appellant asserts, however, that subsequent to said judgment being entered and becoming final, there has been a change in his physical condition for the worse, and that the trial court erred in holding that it had no jurisdiction to review on equitable grounds a final workmen's compensation judgment. He urges that he is entitled to relitigate the issue of "material change in physical condition" and incapacity under the provisions of the Workmen's Compensation Act, and in particular Section 12d, Article 8306, Vernon's Annotated Texas Civil Statutes.

■ The cases cited by appellant are factually inapplicable to the present suit. The law is well settled that Section 12d, Art. 8306, V.A.T.S., authorizing the Industrial Accident Board, on a proper showing regarding a change of conditions, mistake, or fraud at any time within the compensation period, to review the award or order that it had made, does not authorize a review by the court of its final judgment entered in a suit brought to set aside a decision of the Industrial Accident Board. Federal Surety Co. v. Cook, 1930, 119 Tex. 89, 24 S.W.2d 394. See also Union Indemnity Co. v. Drake, Tex.Civ.App., 42 S.W.2d 839, writ ref.; United States Fidelity & Guaranty Co. v. Brandon, Tex.Civ.App., 31 S.W.2d 846; Globe Indemnity Co. v. McClurg, Tex.Civ.App., 38 S.W.2d 125, error dism.; Pate v. Security Union Ins. Co., Tex.Civ.App., 54 S.W.2d 355.

Judgment of the trial court affirmed.

### On Motion for Rehearing

We have reviewed appellant's pleadings and exhibits attached thereto and have concluded that the foregoing opinion is correct in holding that appellant has failed to plead facts that might entitle him to set aside the judgment of July 25, 1960 on the ground of fraud, mistake or accident in connection with the medical testimony and medical statements as to the condition of appellant at and before the trial in October, 1959.

■ With respect to appellant's claim of newly discovered evidence, it is our view that the decision of the Supreme Court in New Amsterdam Casualty Company v. Jordan, Tex., 359 S.W.2d 864, is decisive. The evidence shows that appellant underwent back surgery on November 4, 1957, and that his second operation was performed on

August 18, 1960, while appellant's amended motion for new trial was pending. The Supreme Court held that this second operation was a new fact but that it did not "bring to light a new and independent truth," and that the evidence did not partake of the conclusiveness and decisiveness upon the merits of the case that justice had not been obtained, or that as a matter of law, the trial court abused its discretion in denying the motion for new trial.

The third operation involved the upper portion of appellant's spine, and was performed on September 20, 1962, more than five years after the injury and more than two years after the second operation. All three operations were on appellant's back.

Although the third operation was higher up on appellant's back than the other two operations, it was, according to appellant's petition, and the statement of Dr. Robertson dated October 23, 1962, attached to appellant's bill of review and made a part thereof, " * * * for relief of pain in the left lower extremity." In Dr. Robertson's statement of January 8, 1963, it is stated: "The patient returns today, reporting that he has aching pain in the left lower extremity, from foot to knee, on occasions, and in the left hip joint." In Dr. Robertson's statement of July 8, 1960, about six weeks before the second operation, it is stated that appellant "complained of pain of a severe nature in the left buttocks and in an area just posterior to the left hip which upon pressure radiates down his left leg."

Thus it is seen that while the third operation is a new factor or occurrence, it does not bring to light a new and independent truth. It was performed to relieve the same results of the injury, and pain in the same part of appellant's body generally, as the other two operations. Appellant's injury and incapacity, if we apply "hindsight", might possibly be shown to be greater now than anticipated during the trial in 1959, but no new and independent facts or truths are brought out

which disassociate such incapacity and injury from the original injury and the first two operations and attendant consequences of the same. The mere fact that at the time the bill of review was filed appellant's physical condition may have deteriorated and it might be established that he was injured more severely than anticipated at the time of trial, would not be sufficient to set aside the final judgment rendered in 1959. Moreover, the evidence now relied upon by appellant is merely cumulative of that brought out at the trial in 1959, just as the evidence of the second operation adduced on the hearing of appellant's motion for new trial was cumulative with respect to his injury. The fact that the third operation was not at the same place on appellant's back does not prevent such evidence from being cumulative, since it was to relieve the same condition and pain that necessitated the first two operations. The instant case is distinguishable from Anshutz v. Louisville R. Co., 152 Ky. 741, 154 S.W. 13, 45 L.R.A.,N.S., 87; and Missouri-Kansas-Texas R. Co. v. Evans, 151 Tex. 340, 250 S.W.2d 385, referred to by our Supreme Court in New Amsterdam Casualty Co. v. Jordan, supra.

It is our opinion that the evidence relied upon by appellant has been sufficiently set out in our original opinion and this opinion on rehearing.

It has been held in this State that, "With certain limitations, a bill of review will lie on grounds of newly discovered evidence." 34 Tex.Jur.2d p. 81, Judgments, § 219; Kelley v. Wright, Tex.Civ.App., 184 S.W.2d 649; Bankston v. Bankston, Tex.Civ. App., 251 S.W.2d 768; Nash v. Hanover Fire Ins. Co., Tex.Civ.App., 79 S.W.2d 182; Eddingston v. Acom, Tex.Civ.App., 287 S.W. 96, writ ref. It has also been held that though the trial court may set aside the verdict and grant a new trial on the ground of newly discovered evidence if complainant shows a reasonable ground for his failure to discover it earlier, such relief is not available in a suit in equity to set aside a judgment after it has become final.

Metropolitan Life Ins. Co. v. Pribble, Tex. Civ.App., 130 S.W.2d 332, error ref.

While the rule that a final judgment may be set aside upon newly discovered evidence may be applicable under certain conditions and in certain cases, such rule has no applicability to the facts of the instant suit.

Motion for rehearing overruled.