### No. 2722.

### J. B. O'BRYAN *v.* THE STATE.

1. INDICTMENT—TERMS CONSTRUED.—"Writing" or "written," as those terms are used in the statutes of this State, include "printing" or "printed"; and it is not a valid objection to an indictment that it is partly written and partly printed.

2. SAME—FALSE SWEARING—PERJURY.—The affidavit of a public free school teacher to the voucher for his salary is "required by law," and therefore, if false, is matter assignable for perjury, and not for the distinct offense of false swearing.

3. A COUNTY JUDGE is an officer authorized to take affidavits in the body of his county.

4. CHARGE OF THE COURT—VERDICT—PRACTICE IN THE COURT OF APPEALS.—In its preliminary statement to the jury the charge of the court designates the offense on trial as "false swearing," but subsequently designates it as perjury,—the offense charged in the indictment. The verdict was general, and found the defendant "guilty," and assessed his penalty at five years in the penitentiary, the minimum penalty for perjury, and the maximum penalty for false swearing. The judgment of the court on the verdict declares the defendant "guilty of false swearing as found by the jury," but the final judgment and sentence declare that he has been "adjudged guilty of perjury." The State moves this court to reform the judgment and sentence so as to conform them to the verdict, maintaining that, as the verdict is general, it responds to the indictment, which charges perjury. But *held* that though this court, in cases wherein the verdict is certain, will exercise its power to conform the judgment or sentence, or both, thereto, it will not do so in cases wherein, as in this case, there is any uncertainty about the import of the verdict.

APPEAL from the District Court of Navarro. Tried below before L. J. Farrar, Esq., Special Judge.

The appellant rendered an account against the county of Navarro for services performed by him as a teacher of one of the public schools of that county, and made an affidavit before the county judge verifying the same. The said affidavit is the matter assigned as perjury. His trial resulted in a verdict of guilty, and his punishment was assessed at a term of five years in the penitentiary.

None of the rulings of this court involve the evidence adduced on the trial.

*William & C. W. Croft,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   Whilst it is declared by statute that "an indictment is the *written* statement of a grand jury accusing a person therein named of some act or omission which by law is declared to be an offense," (Code Crim. Proc., art., 419), still it is no objection to its validity that it is in form partly printed and partly written.   The word *"writing"* or *"written,"* under our statutes, civil as well as criminal, includes *"printing."*   (Rev. Stats., art. 3140, subdivis. 3; Penal Code, art. 30; Wise v. The State, 5 Texas Ct. App., 621.)

The affidavit made by a public free school teacher to the voucher or check drawn by the trustees on the county treasurer for his pay, as required by article 3776, Revised Statute, is a legitimate subject upon which perjury may be assigned. (Penal Code, art. 188.)   It is an oath required by law, and, if falsely made or taken, is "perjury" and not "false swearing," the latter being a voluntary declaration or affidavit which is not required by law or made in the course of a judicial proceeding. (Penal Code, art. 196; Willson's Crim. Stats., sec. 316.)   Any affidavit taken within this State may be made before a county judge within his county. (Rev. Stats., art. 7, subdivis. 1.) The indictment in this case is sufficient to charge and does sufficiently charge the crime of perjury.   (Anderson v. The State, 20 Texas Ct. App., 312.)

In his preliminary statement of the nature of the case, in the charge to the jury, the learned special judge told them that the defendant stood charged by indictment with "false swearing."   This was evidently an inadvertence for the law as announced in the remainder of the charge relates alone to the crime of perjury as applied to the facts, and the jury were explicitly instructed that defendant, if guilty under the law and the facts, would be guilty of perjury, and his punishment should be assessed as is provided for that crime.   It may be the jury could not have been misled as to the nature and character of the crime for which they were trying the accused. But their verdict is in these general terms: "We the jury find the defendant guilty and assess his penalty at five years confinement in the State penitentiary."   This period of punishment is the lowest affixed to perjury (Penal Code, art. 194), and the highest affixed to false swearing.   The judgment

which was rendered upon this verdict by the court is a judgment denouncing the defendant as "guilty of the offense of false swearing as found by the jury."

If the verdict and judgment are, as stated, for false swearing, then they are not warranted by the indictment, which alone charges perjury, which is a separate and distinct offense from false swearing. In the final judgment and sentence of the defendant it is recited and declared that he "has been adjudged guilty of the offense of perjury." We are asked by the Assistant Attorney General to exercise our authority under article 869 of the Code of Criminal Procedure, and reform and correct the judgment as required by the law and the nature of the case. In a proper case this court will reform either the judgment or sentence, or both, so as to make them conform to each other and to the verdict. (Rivers v. The State, 10 Texas Ct. App., 177; Hill v. The State, Id., 673; McDonald v. The State, 14 Texas Ct. App., 504; Short v. The State, 23 Texas Ct. App., 312; Robinson v. The State, 24 Texas Ct. App., 4.)

But in no case has this court ever exercised the authority to reform a judgment where there was any uncertainty whatever as to the verdict. It is the verdict which constitutes the basis of all judgments, and. where it is certain, judgments to be rendered thereon should and may be made to conform thereto. But where it is uncertain what the finding is, the judgment has nothing by which it can be reformed. In this case the jury were told that the defendant was being tried upon an indictment which charged him with false swearing, and, for aught that appears, they may have intended to find him guilty of that offense. Such a conclusion is not unwarranted by their verdict, and the court certainly, it seems, so understood the tenor and effect of the verdict, because the judgment rendered upon it was for false swearing.

We are not willing to assume, nor do we feel that we would be warranted in assuming, the responsibility of changing or reforming the judgment where there is such uncertainty about it. We feel that the safer course will be to have the matter made certain by another trial.

The judgment is reversed because not warranted by the charge in the indictment nor by the evidence adduced at the trial, the charge in the indictment being for perjury.

*Reversed and remanded.*