### WM. SHELY V. THE STATE.

*No. 677.   Decided November 13th, 1895.*

**1.   Deputy Sheriffs—Proof of Appointment.**

Under our statutes a sheriff is authorized to appoint deputies, and they can perform all acts and duties of their principals. A deputy sheriff may execute process of attachment for witnesses, and can make the affidavit required by sub 'divs. 8, Art. 1083, [1054] Code Crim. Proc., with reference to the fees due for executing such process. And on an investigation, with reference to such affidavit, it is not required that the State should prove that he was deputy sheriff by introducing his formal appointment, but proof of his official capacity may be legally made by other evidence.

**2.   Perjury—Character of Oath In—"Judicial Proceeding."**

On a trial for perjury, assigned upon the oath in an affidavit of a deputy sheriff to a fee bill for conveying an attached witness from one county to another, where the affidavit was made after the case in which the party was a witness had been tried. Held: That as to the offense of perjury, such affidavit was not made "in the course of a judicial proceeding." It was an affidavit made as an incident to, and not necessarily in the proceeding itself.

**3.   Same—Indictment.**

An oath made by a deputy sheriff in an affidavit to a fee bill for conveying an attached witness from one county to another is an oath necessary for the prosecution of a private right under Art. 201, [188] Penal Code, with regard to the offense of perjury, and an indictment for perjury, based upon such affidavit, is not sufficient where, after setting out the judicial proceedings properly, it merely alleged that the oath was one "required by law." It was essential to its validity that the indictment should have alleged that the oath was one "necessary for the protection of a private right."

**4.   Same.**

An indictment against a deputy sheriff for perjury, assigned upon his affidavit to a fee bill, for conveying a witness from one county to another, to be sufficient, should set forth the circumstances entitling the sheriff to receive the fees. It should set out the affidavit in haec verba or in substance, and if it purports to set out said affidavit

by its substance, it will be fatally defective if it fails to aver what services were performed, by whom performed, and how and under what process performed.

**5. Same—Perjury Indictment for False Affidavit to an Account.**

An indictment for perjury, based upon the affidavit of a deputy sheriff to an account, or fee bill for conveying a witness from one county to another, which purports to set out only the substance of the affidavit, would be sufficient, if it sets forth the account or fee bill, and then alleges that defendant did, before an officer (describing him) falsely, knowingly, wilfully and corruptly, then and there, swear, depose and say, that said account was proper, just and correct, in every particular; and then traverse all of such items of said account as are claimed to be false.

APPEAL from the District Court of Live Oak. Tried below before Hon. M. F. LOWE.

This is an appeal from a conviction for perjury, wherein the punishment assessed was imprisonment in the penitentiary for a term of five years.

The following is the indictment in full upon which the prosecution was based, to-wit:

"*In the Name and by the Authority of the State of Texas:*

"The grand jurors for the County of Live Oak, State aforesaid, duly organized as such at the September term, A. D. 1894, of the District Court for said county, upon their oaths in said court present, that on or about the 14th day of March, one thousand eight hundred and ninety-four, and anterior to the presentment of this indictment, in the County of Live Oak, and State of Texas, in the District Court of said county, then in session, and of which said court Hon. M. F. Lowe was then and there the legally qualified judge, there was pending a certain criminal judicial proceeding, wherein the State of Texas was plaintiff and B. B. Wright was defendant, wherein the said B. B. Wright was duly and legally charged by indictment with having fraudulently taken from the possession of George Reynolds one head of cattle, the same being the corporeal personal property of the said George Reynolds, without the consent of the said George Reynolds, and with the intent to deprive the said George Reynolds of the value of the same, and to appropriate it to the use and benefit of him, the said B. B. Wright, and of which said judicial proceeding the said court then and there had jurisdiction, and in which said cause one William Shely, as a deputy of Pat Whelan, sheriff of Nueces County, Texas, being desirous of obtaining the approval of a certain sheriff's fee bill by Hon. M. F. Lowe, judge of the District Court of said Live Oak County; did then and there personally appear before C. O. Orrick, the clerk of said court, who was then and there authorized by law to administer oaths, and did take his corporal oath before said clerk, which said oath was duly administered to him by said clerk, and was required by law, and under the sanction of said oath did then and there wilfully and deliberately state in writing, in substance, that the said William Shely, a deputy of the said Pat Whelan, had performed services for the State of Texas, in the aforesaid case against the said B. B. Wright, in conveying a witness, Milas P. Wright, from Nueces County

to Live Oak County, for which said service the State of Texas was indebted to Pat Whelan, sheriff of Nueces County, as follows:

To 5 days' service in conveying witness, Milas P.
　　Wright, at $2.50 per day ................... $12 50
To hire 4 horses, 5 days, going and returning, at $3
　　per day ..................................... 15 00
To feed 4 horses, going and returning, 30 feeds, at
　　25 cents per feed ........................... 7 50
To 21 meals for self and witness going and returning,
　　at 50 cents per meal ........................ 10 50
To six lodging for self and witness, 35 cents each per
　　night ...................................... 2 10

"And the said William Shely further stated that the said witness was requested to give bond and refused to do so. All, and each of which said statements, so made in writing and under oath by the said William Shely, were necessary in law and material to aid the said William Shely to obtain the approval of Hon. M. F. Lowe, judge as aforesaid, to said account for the total sum of $47.60, and the certificate of said judge that the facts presented show that the sheriff is entitled to compensation for conveying said witness; whereas, in truth and fact, the said William Shely did not, as a deputy of Pat Whelan, sheriff of Nueces County, or in any manner whatever, perform any services for the State of Texas in conveying said witness, Milas P. Wright, in the said case against the said B. B. Wright, and did not furnish any horses in conveying said witness, Milas P. Wright, in said case against the said B. B. Wright, and did not furnish any feed for horses or any meals for self and witness, or any lodging for self and witness, in conveying said Milas P. Wright, in the said case against the said B. B. Wright; and the said William Shely did not offer the said witness, Milas P. Wright, opportunity to give bond; and the said witness, Milas P. Wright, did not refuse to give bond, which said written statement so made by the said William Shely, as aforesaid, was wilfully and deliberately false, and the said William Shely knew the same to be false when he made it, against the peace and dignity of the State."

A motion to quash this indictment was overruled.

*James B. Wells*, for appellant, filed an able brief in the case.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant in this case was convicted of perjury, and his punishment assessed at five years' confinement in the State penitentiary. From the judgment and sentence of the lower court, he prosecutes this appeal. The prosecution in this case was predicated on an affidavit made by appellant, as deputy sheriff, to an account for conveying a witness from Nueces to Live Oak County. It is contended by appellant that such affidavit to a sheriff's fee bill cannot be made by a

deputy sheriff, so as to constitute it the predicate for an indictment for perjury. Our statutes on the subject provide for the appointment by a sheriff of one or more deputies, and such deputies are authorized to perform all acts and duties required of their principals. Sayles' Civ. Stat., Art. 4520, et seq. The act of 1891 (see Acts 22nd Leg., pp. 138, 139), authorizes the sheriff to receive costs for conveying attached witnesses from one county to another, and Subdivision 8, Art. 1054, Code Crim. Proc., provides the mode by which he can receive from the State his fees or costs for conveying such witness. A deputy sheriff would have the same right to execute process of attachment for such witnesses as would his principal, and, in our opinion, would be authorized to make the affidavit required in said subdivision 8, before he or his principal could receive the fees due therefor. Nor was it necessary that the State should have made proof of the fact that appellant was deputy sheriff, by introducing his formal appointment as such. He was acting as such deputy, and this issue was a collateral one, and the proof of his official capacity could be made by parol. Woodson v. State, 24 Tex. Crim. App., 153. The pleader in this indictment evidently attempted to charge the perjury in this case as having been committed in the course of a judicial proceeding. As stated before, the affidavit upon which the perjury is predicated, was made by appellant to his fee bill for conveying a witness from Nueces to Live Oak County. Said affidavit was made in a case wherein the State of Texas was plaintiff, and one B. B. Wright was defendant, who was charged in the District Court of Live Oak County with theft of cattle. The affidavit, it appears, was made after the disposition of said case. While it is true, in one sense, that the affidavit was made in the course of a judicial proceeding, yet, as to the perjury, we do not believe the affidavit was made in the course of such proceeding. It was an affidavit made as an incident to said proceeding, not necessarily in the proceeding itself, but merely to enable the officer to obtain his fees for conveying the attached witness in said case; and the affidavit, as a predicate for perjury, comes under another subdivision of our statute defining perjury, to-wit: an oath or affidavit necessary for the prosecution or defense of a private right. The statute with reference to sheriff's fees requires an affidavit to be made before the sheriff will be entitled to receive his fees from the State; so that, while in our opinion, it was necessary for the pleader to have stated so much of a judicial proceeding in order to show the right of the sheriff to receive his fees in the given case, yet, the predicate for the indictment in this case should have been distinctly laid on the collateral affidavit, required by law, to enable the sheriff to obtain his fees. It is true the indictment in this case, after setting out *in extenso* the judicial proceeding, says that the oath in question was one required by law, but this is not tantamount to saying that it was, under the circumstances in which the oath was required by law, "for the prosecution or defense of a private right;" and moreover, these circumstances, in each particular case, must be shown, and in this case the most material circumstances on which the sheriff was authorized

35th Crim. Rep.—13.

to receive fees in the particular case were not shown, to-wit: that he had process of attachment in said case from the District Court of Live Oak County, directed to Nueces County, authorizing him to attach the witness Milas P. Wright. Without such processs he had no right to attach said witness, and, in the absence of an allegation that such witness had been attached by him, he was not authorized to receive compensation therefor. This allegation the indictment should have contained. Warner v. Fowler, 8 Md.. 25; People v. Fox, 25 Mich., 493; Johnson v. State, 58 Ga., 397.

The statute authorizing the sheriff to receive fees (see subdivision 8, Art. 1054, Code Crim. Proc.) requires the sheriff to make affidavit to his account for conveying an attached witness. The form of the affidavit is prescribed in the law, and is as follows: The sheriff shall make out his account, showing the days actually and necessarily consumed in going to and returning from such court, and his actual necessary expenses, by the nearest practicable route. He shall show the place at which the witness was attached, the distance to the nearest railroad station, and miles actually traveled to reach the court; if horses or vehicles were used, from whom hired, and price paid, and length of time consumed, and amount paid out for feeding horses, and to whom; if meals and lodging were provided, from whom and when, and price paid. Said account shall also show, before said officer shall be entitled to compensation for expenses of attached witnesses, that the witness was called upon by him to give bond, and was offered by him an opportunity to give bond, to appear before the proper court, and was unable or refused to do so; and the officer shall also present to the court the affidavit of the witness to the same effect, or shall show that the witness refused to make the affidavit. To this account stated, the oath required is as follows: That it shall state that said account is proper, just, and correct in every particular. The indictment in this case assumes to set out the oath or affidavit in substance, to-wit: that the said William Shely, a deputy of said Pat Whelan, had performed services for the State of Texas in the aforesaid case against said B. B. Wright, in conveying the witness Milas P. Wright from Nueces to Live Oak County, for which said services the State was indebted to Pat Whelan, etc. Then follows the account stated. No affidavit is copied into the indictment, but, as stated, it was proposed to set this out in substance. This was permissible, but the substance of the affidavit itself must in fact be set forth. 2 Bish. New Crim. Law, p. 1017. This indictment is so drawn that it is a difficult matter to ascertain therefrom what were the things or facts the appellant did swear to. Now, when we look to the affidavit actually made, we find that the appellant did not swear that he had performed services for the State of Texas, but he swore that a certain account was true, just, and correct in every particular, and that the services were performed as therein stated. He does not state who performed the services, as is alleged in the indictment. The indictment does not indicate or foreshadow the real affidavit made by appellant. On the contrary, it

indicates quite a different affidavit, to such an extent as would render the affidavit actually made inadmissible in evidence. We are not holding that the indictment must set out in hæc verba the precise words of the affidavit, but we do hold that the indictment must set forth the affidavit substantially. One or the other course must be pursued. The indictment charges that the appellant stated, in writing, that he had performed services for the State in a certain case, naming it. What services are not indicated by that part of the indictment which attempts to give the substance of the affidavit. We are informed of the nature of the services by the account which follows, but this is made no part of the affidavit, or rather the oath taken. The line of demarkation between what the appellant did swear and the allegations of the pleader are not drawn in this indictment. We suggest that if the pleader had set out the account, and then alleged that appellant did before said officer (describing him) falsely, knowingly, wilfully, and corruptly, then and there, swear, depose, and say that said account is proper, just, and correct in every particular, and then have traversed all of such items of said account as were deemed by him false, then he would have had a proper indictment as to this matter. The motion to quash the indictment should have been sustained. The judgment is reversed, and the prosecution dismissed.

*Reversed and Prosecution Dismissed.*