## AMERICAN EMPLOYERS' INS. CO. v. THOMPSON. (No. 1759.)

Court of Civil Appeals of Texas. Beaumont. Nov. 22, 1928.

Rehearing Denied Dec. 5, 1928.

C. A. Lord, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, J. This is a compensation case. Appellee was injured while in the course of his employment with H. L. Warren. Warren was a subscriber under the Compensation Act (Rev. St. 1925, arts. 8306–8309) with appellant as insurer. Under the allegations of his petition, appellee duly filed his claim with the Industrial Accident Board and prosecuted the same to a final decree; not being satisfied with the award, he gave due notice of his unwillingness to abide thereby, and prosecuted his appeal in due time to the district court of Jefferson county. In the district court he pleaded that he was totally and permanently disabled, and upon the verdict of a jury was given judgment for that relief.

Appellant's first proposition is to the effect that under the allegations of appellee's petition he was entitled to recover nothing more than for a specific injury to his eye. The allegation was as follows: "Plaintiff pleaded that in the course of his work he 'stepped upon one end of a piece of plank while engaged in the act of carrying some flooring for the building and the plank he stepped on flew up and struck him on the nose, face and eye and broke his nose and impaired the sight of both eyes, and that the sight of both eyes is constantly growing less and that he is now and has been from the time of said injury wholly incapacitated and will eventually become totally blind in both eyes, or if not, that he will become so blind and lose his eyesight to such an extent that he will be and is totally and permanently incapacitated to work and earn money and to pursue the usual vocation of a workman.'"

Without quoting the evidence, it is sufficient to say that appellee did not show a total loss of his eyesight, constituting total permanent disability within the meaning of the Compensation Act. He could drive a car, and

subject to the remedial effect of proper glasses had the normal use of one eye. Any verdict to the contrary on that specific issue would have been without support. But in addition to the injury to his eye, appellee testified to pains in his head, continuous headaches, etc., which he said totally disabled him, and because of which he was not able to follow his trade of carpentering or any other work which he was qualified to perform. The allegations of appellee's petition were not sufficient to admit proof of headaches, pain in the head, etc. Therefore the proof offered did not sustain appellee's allegation of total permanent disability.

■ Appellee alleged the necessary jurisdictional facts. The following bill of exception reflects all the evidence offered by him to sustain his allegation that the Industrial Accident Board made a final award on his claim: "Be it remembered that upon the trial of the above entitled and numbered cause the following proceedings were had, Mr. Howth, attorney for the plaintiff and speaking for him and Mr. Lord, attorney for the defendant and speaking for it:

"Mr. Howth: We offer in evidence the date of the award of the Board, October 4th, 1927.

"Mr. Lord: What are you offering that from?

"Mr. Howth: The award itself, copy of it.

"Mr. Lord: Well, you will have to introduce the award, won't you?

"Mr. Howth: No.

"Mr. Lord: We object to offering the date unless the award is offered, the judgment and award would be the best evidence and not the mere statement of the date of the award.

"Mr. Howth: Well, the award is not admissible in evidence. The court has repeatedly held that. I am merely offering the date.

"Mr. Lord: Now, as I understand, the judgment and award is not offered, but counsel merely states the date of the award.

"Mr. Lord: To which the defendant objects as being a mere conclusion and not the best evidence, and no evidence at all to show that an award was made on that date; and because the judgment of the Board would be the best evidence of the fact that there was an award and the date thereof.

"Said objections were by the court in all things overruled and the plaintiff's attorney, Mr. Howth, then and there stated that the date of the final award of the Board was October 4th, 1927. To all of which action and ruling of the court the defendant then and there duly and timely excepted; and this the defendant's bill of exception is here now allowed and approved and the same is ordered to be filed as a part of the record in this cause."

The district court has no general jurisdiction in compensation cases. Discussing this proposition, it was said in Hood v. Texas Employers' Insurance Association (Tex. Civ. App.) 260 S. W. 243: "The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence: * * * (b) that final award was made thereon by said board. * * * "

It must be said under appellant's bill of exceptions that appellee did not discharge the burden of proof required by that case to show a final award of the Industrial Accident Board. Under the bill of exceptions there was nothing before the court except the date, "October 4, 1927." The statement of appellee's attorney that this was the date of the final award was not evidence against the objection that the award itself was the best evidence. In fact, under the bill, there was no evidence that an award had been made. Appellee cites Texas Employers' Insurance Association v. Rodgers (Tex. Civ. App.) 284 S. W. 968, and Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112, to sustain his counterproposition that "the final award is not admissible in evidence for any purpose." That proposition is sound in so far as it relates to the merits of the cause of action asserted by the plaintiff, or the defense urged against the merits of the plaintiff's cause of action, but it has no application to a jurisdictional issue. The trial court cannot take judicial knowledge of the final award, nor does the mere allegation of the award constitute prima facie proof. The plaintiff must establish the court's jurisdiction by competent evidence, and that was not done in this case.

■ The court did not err in receiving in evidence a certified copy of the notice served by appellee upon the Industrial Accident Board notifying it that he was not willing to abide by the final award. Article 8307, § 8, R. C. S. 1925, stipulates: "Any order, award or proceeding of said board when duly attested and sealed by the Board or its secretary shall be admissible as evidence of the act of said board in any court in this state."

Since the complaining party is required by law to give notice of his unwillingness to abide by the award, we think such notice, when served upon the Industrial Accident Board, constitutes a "proceeding" within the meaning of this article.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for a new trial.