

# The Attorney General of Texas

March 31, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Adams, Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas 78773

Opinion No. MW-317

Re: Perjurious complaints against law enforcement officers

Dear Colonel Adams:

Article 6252-20, V.T.C.S., requires that complaints against certain law enforcement officers be placed in writing and signed by the complainants before the complaints may be considered by superiors as a basis for disciplinary action against such officers. You advise that complaints sometimes consist of intentional fabrications or misrepresentations, and ask:

> [Is] a person who makes a false statement, under oath, concerning a complaint filed against a law enforcement officer as required in article 6252-20, V.T.C.S., with intent to deceive and with knowledge of the statement's meaning. . . guilty of perjury under the terms of section 37.02 of the Penal Code or aggravated perjury under the terms of section 37.03 of the Penal Code[?]

Under the Texas Penal Code, a person commits perjury if, with intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath or swears to the truth of a false statement previously made; and (2) the statement is required or authorized by law to be made under oath. Penal Code §37.02. Cf. Penal Code §37.08 (false report to peace officer). He commits aggravated perjury if, in addition, the false statement: (1) is made during or in connection with an official proceeding; and (2) is material. Penal Code §37.03.

A "statement" means "any representation of fact," and "official proceeding" means "any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant authorized by law to take statements under oath." Penal Code §37.01. A statement is material if it "could have affected the. . . outcome of the official proceeding." Penal Code §37.04. As to the quantum of proof required for conviction, see article 38.18 of the Code of Criminal Procedure. Cf. Wood v. State, 577 S.W. 2d 477 (Tex. Crim. App. 1978).

The adoption of the 1974 Penal Code worked a change in the law relating to perjury, as explained by the Practice Commentary found at page 51, volume 4, Texas Penal Code Annotated (Vernon 1974), following section 37.04:

> Under prior law, lying under oath was covered by two principal offenses — perjury and false swearing, Penal Code arts. 302, 310. False swearing applied only if an oath was not required by law and if the statement was not made in an official proceeding; perjury applied if an oath was required by law or if the statement was under oath in an official proceeding; and false swearing was not a lesser included offense of perjury.
>
> Section 37.02 replaces the old false swearing offense but includes some conduct that would have been perjury under prior law; it includes all statements authorized to be made under oath whether or not an oath is required by law. . . .
>
> . . . .
>
> Under Section 37.03 perjury under Section 37.02 is aggravated if it is committed in an official proceeding, which is defined in Section 37.01 to include hearings before executive or administrative agencies and legislative committees as well as judicial hearings, and if it is material. If either of those elements is absent the offense is perjury under Section 37.02, a lessser included offense, see C.C.P. art. 37.09.

Assuming the person who makes the statement has been apprised of the content and purpose of a complaint filed pursuant to article 6252-20, V.T.C.S., and of the official character of the investigation conducted in connection therewith, it is our opinion that aggravated perjury is committed if a material, false statement is made under oath with intent to deceive concerning a complaint filed against a law enforcement officer pursuant to article 6252-20, V.T.C.S.

Although article 6252-20, V.T.C.S., does not require that the written complaint it contemplates be given under oath, a statement is "authorized by law to be made under oath" within the meaning of sections 37.02 and 37.03 of the Penal Code if it is made under oath during an official proceeding. Ex Parte Burkett, 577 S.W. 2d 265 (Tex. Crim. App. 1979). False testimony given in an administrative proceeding where a person assumes an oath before testifying, although the law does not require the witness to do so, is punishable. See City of San Antonio v. Poulos, 422 S.W. 2d 140 (Tex. 1967). Thus all the elements necessary to convict for aggravated perjury are present under the example posed if the statement is material and is made "during or in connection with an official proceeding." Penal Code §37.03.

Prior to the adoption of the 1974 Penal Code, former penal code article 306 included in the description of perjury all oaths, whether required by law or merely authorized by law, legally taken:

> in any stage of a hearing, <u>inquiry</u>, meeting, <u>or investigation</u> conducted pursuant to law by any governmental agency or instrumentality having legal power to issue process for the attendance of witnesses. (Emphasis added).

<u>Cf.</u> <u>Saunders v. State</u>, 341 S.W. 2d 173 (Tex. Crim. App. 1960). Under section 37.03 of the new code, there is no requirement that the governmental agency or instrumentality for which the proceeding is conducted have "legal power to issue process for the attendance of witnesses." It is enough that the statement upon oath is made during or in connection with an "official proceeding." The present statutory definition of "official proceeding" embraces any type of administrative proceeding that may be conducted before a public servant authorized by law to take statements under oath. Penal Code $37.01(2).

In <u>A. H. Belo & Co. v. Lacy</u>, 111 S.W. 215 (Tex. Civ. App. 1908, writ ref'd), the court considered a statute denouncing libel but authorizing, absent malice, publication by a newspaper of any "official proceedings authorized by law in the administration of the law." The court ruled that the publication of an official notation placed on a court clerk's file docket was privileged under that statutory language, saying:

> 'Proceedings,' as used and meant, relate to the form and manner of the exercise of the power conferred by law. The phrase 'in the administration of the law' is general, and means to include the performance of acts or duties required by the law of officers in the discharge of the required duties of the office; all of the steps taken, and all of the things done, wherein legal procedure is required or authorized by law, are included within its scope. 111 S.W. at 217.

We think the present penal code definition of "official proceeding" is of similar breadth and includes all such proceedings conducted before one authorized to take statements under oath. Those generally authorized to administer oaths are named in article 26, V.T.C.S. <u>See</u> <u>Drake v. State</u>, 488 S.W. 2d 534 (Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e.). Persons who hold notary commissions are not disqualified therefrom merely because they are officers or employees of the Department of Public Safety. <u>See</u> V.T.C.S. arts. 5954, 6687b, $6(a); <u>Greer v. State</u>, 437 S.W. 2d 558 (Tex. Crim. App. 1969). <u>Cf.</u> <u>Garrett v. State</u>, 387 S.W. 2d 53 (Tex. Crim. App. 1965).

A complaint placed in writing and signed by the complainant is a necessary step in the initiation of administrative disciplinary proceedings against certain law enforcement officers by their superiors. V.T.C.S. art. 6252-20. <u>See</u> V.T.C.S. arts. 4413(4), 4413(6), 4413(a). <u>Cf.</u> <u>Graves v. City of Dallas</u>, 532 S.W. 2d 106 (Tex. Civ. App. - Dallas 1975, writ ref'd n.r.e.). In <u>American Employers' Insurance Co. v. Thompson</u>, 11 S.W. 2d 358 (Tex. Civ. App. - Beaumont 1928, writ ref'd n.r.e.), where a statute made admissible in evidence "any order, award or proceeding of said board when duly attested and sealed by the Board or its secretary," the court said in holding a certified copy of a notice admissible:

> Since the complaining party is required by law to give notice
> of his unwillingness to abide by the award, we think such notice,
> when served upon the Industrial Accident Board, constitutes a
> 'proceeding' within the meaning of this article.   11 S.W. 2d at
> 359.

Knowledge of the content of a complaint and of the purpose of its filing pursuant to article 6252-20, V.T.C.S., and of the official character of the investigation conducted in connection therewith, indicates that an affiant has consciously taken upon himself the obligation of an oath for the falsity of which aggravated perjury will lie.   See Weadock v. State, 36 S.W. 2d 757 (Tex. Crim. App. 1930); United Services Automobile Assn. v. Ratteree, 512 S.W. 2d 30 (Tex. Civ. App. - San Antonio 1974, writ ref'd n.r.e.).   In our opinion, the making of a written complaint required by law as a prerequisite to the institution of administrative disciplinary proceedings against law enforcement officers is an official proceeding within the meaning of Penal Code section 37.01, and statements in an affidavit given in connection therewith are statements made in connection with an official proceeding within the meaning of section 37.03 of the Penal Code.   See Simpson v. State, 79 S.W. 530 (Tex. Crim. App. 1904).   See also United States v. Browning, 572 F. 2d 720 (10th Cir. 1978); Banach v. State Commission on Human Relations, 356 A. 2d 242 (Md. 1976).   Cf. Riggall v. State, 590 S.W. 2d 460 (Tex. Crim. App. 1979); Prideaux v. State Department of Public Safety, 247 N.W. 2d 385 (Minn. 1976).

## SUMMARY

> A person who makes a false statement under oath con-
> cerning a complaint filed against a law enforcement officer as
> required by article 6252-20, V.T.C.S., with intent to deceive and
> with knowledge of the statement's meaning, is guilty of
> aggravated perjury under section 37.03 of the Penal Code if he
> has knowledge of the content of the complaint, the purpose of
> its filing, and the official character of the investigation
> conducted in connection therewith, and if the statement is
> material.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood